UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:05-cr-124-FtM-29SPC

WILLIE COLLON WEST
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion For Reduction of Sentence Pursuant to Title 18 U.S.C. 3582(c)(2) and § 3582(b)(1) (Doc. #119) filed on March 29, 2012. Defendant seeks a reduction of his sentence under Amendment 750 of the United States Sentencing Guidelines. Because defendant is not eligible for a reduction of his term of imprisonment under Amendment 750, his motion will be denied.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 750.

As the Eleventh Circuit Court of Appeals has found in this case, defendant was sentenced as a career offender. Defendant had a base offense level of 34, and was given a three-point reduction for acceptance of responsibility, for a total offense level of 31. Defendant's criminal history was Category VI, resulting in a sentencing range of 188 to 235 months. Because the court found defendant's criminal history category was over represented, the criminal history category was reduced to Category V pursuant to U.S.S.G. § 4A1.3, with a resulting Sentencing Guidelines range of 168 to 210 months. Defendant was sentenced to 168 months imprisonment. (Doc. #99, p. 3.)

The undersigned sentenced defendant based upon a sentencing range determined by the career offender provisions of the Sentencing Guidelines, not the crack cocaine provisions. Defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission", as required by § 3582(c)(2). Therefore defendant is not eligible for a reduction pursuant Amendment 750. <u>United States v. Moore</u>, 541 F.3d 1323 (11th Cir. 2008)(addressing Amendment 706), <u>cert. denied</u>, 129 S. Ct. 1601 (2009). Granting a downward departure under § 4A1.3 did not change defendant's offense level

and does not make him eligible for a sentence reduction under the amendment.  <u>United States v. Daniels</u>, 345 F. App'x 527 (11th Cir. 2009)(discussing Amendment 706).  Unlike <u>Freeman v. United States</u>, 131 S. Ct. 2685 (2011), this case did not involve a guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C), but a defendant who pled guilty without any promise as to sentence.  Additionally, the Court finds nothing in <u>Freeman</u> which undermines <u>Moore</u>, and certainly nothing which would allow the Court to ignore its holding.

Accordingly, it is now

**ORDERED**:

Defendant's Motion For Reduction of Sentence Pursuant to Title 18 U.S.C. 3582(c)(2) and § 3582(b)(1) (Doc. #119) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of April, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Willie Collon West