UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIE COLLON WEST,

    Petitioner,

vs.                            Case No. 2:11-cv-39-FTM-29SPC
                                 Case No. 2:05-cr-124-FTM-29SPC

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 motion")(Cv. Doc. #1; Cr. Doc. #111).[1] The United States filed its Response in Opposition (Cv. Doc. #10), to which petitioner filed a Reply (Cv. Doc. #11).

The district court referred two of the issues to the magistrate judge for an evidentiary hearing (Cv. Doc. #12) and counsel was appointed (Cv. Docs. ##13, 14). On February 21, 2013, the magistrate judge filed a Report and Recommendation (Cv. Doc. #28) recommending that the petition be granted as to those two

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion and Order. The Court will refer to the docket of the civil habeas case as "Cv. Doc.," and will refer to the underlying criminal case as "Cr. Doc."

issues. The United States filed Objections (Cv. Doc. #29) to the Report and Recommendation.

**I.**

On December 14, 2005, a federal grand jury in Fort Myers, Florida returned a three-count Indictment against Willie Collon West (petitioner or West) and co-defendant Alexander Devon Stewart (Stewart). (Cr. Doc. #5.) Count One charged petitioner and Stewart with conspiracy to possess with intent to distribute five grams or more of cocaine base, crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(iii), and 846. (Id., p. 1.) Count Two charged West with possession with intent to distribute five grams or more of cocaine base, crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(iii), and 846.[2] (Id., p. 2.) The penalty for each count was a mandatory five years to forty years imprisonment, plus supervised release.

Counsel was appointed to represent West, and on September 22, 2006, West signed a Plea Agreement in which he agreed to plead guilty to Count One and the government agreed to dismiss Count Two at sentencing. (Cr. Doc. #59, pp. 1, 2.) Included in this Plea Agreement was an Appeal of Sentence Waiver provision, which read, in part:

---

[2]Count Three related only to defendant Stewart. (Cr. Doc. #5.)

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution. . . .

(<u>Id.</u> at 12)(emphasis in original). On September 26, 2006, West pled guilty pursuant to the Plea Agreement (Cr. Docs. ##62, 63), and the district court later accepted petitioner's guilty plea (Cr. Doc. #65). At the January 16, 2007 sentencing, the Court found that West was a career offender, but departed downward to Criminal History Category V pursuant to Sentencing Guidelines § 4A1.3. (Cr. Doc. #72.) The Court sentenced petitioner to 168 months imprisonment followed by four years of supervised release on Count One and dismissed Count Two. (Cr. Doc. #73.)

On January 8, 2008, petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("previous § 2255 motion")(Cr. Doc. #74; Case No. 2:08-cv-6-FtM-29SPC). In this previous § 2255 motion, West argued he received ineffective assistance of counsel because he had told his attorney to file an appeal but his attorney had failed to do so. (<u>Id.</u>) On April 16, 2008, after an evidentiary hearing by the magistrate judge, the district court granted the previous § 2255 motion, finding petitioner was entitled to a belated appeal due to

ineffective assistance of counsel. (Cr. Doc. #88.) Following the procedure in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000), the district court vacated the Criminal Judgment and re-sentenced West to the same sentence as originally imposed. (Cr. Docs. ##88, 90.) On April 20, 2009, petitioner filed a Notice of Appeal (Cr. Doc. #91).

In the Court of Appeals, West challenged the validity of his guilty plea and the constitutionality and reasonableness of his sentence. (Cr. Doc. #99.) On October 27, 2009, the Court of Appeals issued a decision finding West's argument as to the validity of his guilty plea to be "absurd" because "West confirmed all the facts material to his conviction when he admitted colluding with a codefendant to sell a federal agent 34 grams of cocaine base." (Id., p. 4.) The Court of Appeals declined to consider West's argument that the sentence was unreasonable, based upon the appeal waiver provision in the Plea Agreement. (Id.) The Court of Appeals found, however, that the sentence of 168 months imprisonment did not violate the Eighth Amendment. (Id., pp. 4-5.) Petitioner's conviction and sentence was affirmed. (Cr. Doc. #99.)

Petitioner's current § 2255 petition was filed on January 31, 2011. (Cv. Doc. #1; Cr. Doc. #111.) Petitioner sets forth the following claims in his current § 2255 motion and reply: (1) ineffective assistance of counsel for failure to advise petitioner of the option of pleading guilty to both counts without the Plea Agreement, thereby denying petitioner certain rights to appeal and

-4-

collateral attack (Ground One), (Cv. Doc. #1; Cr. Doc. # 111, p. 4); (2) ineffective assistance of counsel for failure to advise petitioner about the option of pleading guilty to both counts without the Plea Agreement, thereby rendering petitioner's guilty plea involuntary (Ground Two), (id., p. 6); (3) trial court error for enhancing petitioner's sentence under United States Sentencing Guidelines § 4B1.1 when one of the predicate crimes did not qualify as violent (Ground Three), (id., p. 8); and (4) improper use of previous state convictions which were unconstitutional and therefore could not serve as predicate crimes for calculating his current federal sentence (Ground Four), (id., p. 9).

## II.

To prevail on an ineffective assistance of counsel claim, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). As to the performance prong, "'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir. 2010)(quoting Bobby v. Van Hook, 558 U.S. 4, 9 (2009)), cert. denied, 131 S. Ct. 177 (2010). Judicial scrutiny is highly deferential, and the court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland,

466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010); Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001).

As to the prejudice prong, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005)(quotation marks and citation omitted). "[P]etitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quotation marks and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. The two-pronged Strickland test applies equally to "challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985).

**(1) Deficient Performance**

The magistrate judge found that it would fall below the objective standard of reasonableness under Strickland if petitioner's attorney failed to inform him of his ability to plead guilty without a plea agreement, and thereby retain his right to appeal. (Cv. Doc. #28, p. 6.) The Court agrees. The Sixth Amendment right to effective assistance of counsel under Strickland extends to the negotiation and consideration of plea offers.

Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376 (2012).  Failing to advise a defendant of his ability to plead "straight up" to all counts in an indictment without a plea agreement constitutes deficient performance.  While such an option carries some inherent risks which counsel must discuss with his client, Dasher v. Attorney Gen., Fla., 574 F.3d 1310, 1317-18 (11th Cir. 2009), it is nonetheless an available option which must be discussed with a defendant.  West would not be the first defendant to reject a plea agreement and plead "straight up" to an indictment in order to litigate sentencing issues.  E.g., United States v. Rafael, 163 F. App'x 761, 762 n.1 (11th Cir. 2005); United States v. Llamas, 599 F.3d 381 (4th Cir. 2010).

The magistrate judge also found that petitioner's undisputed testimony, coupled with a lack of any record evidence undermining that testimony, established factually that West's attorney failed to advise him of his ability to plead guilty to both counts without a plea agreement, and that this constituted deficient performance under the Strickland standard.  (Cv. Doc. #28, p. 7.)  Again, the Court agrees.

The government's Objections assert that counsel's performance was not deficient because West does not provide any support for the proposition that a non-negotiated plea would have resulted in a different sentence being imposed.  (Cv. Doc. #29, p. 7.)  The issue, however, is not whether a straight up plea would have resulted in a different sentence.  Rather, it is whether a straight

up plea would have preserved petitioner's right to appeal any issue allowed by law. A straight up plea certainly would have done that. This objection is overruled.

**(2) Prejudice**

West asserts prejudice because he lost his constitutional right to appeal on the issues of his choosing. (Cv. Doc. #22, p. 8.) West also asserts he would have pled guilty to both counts without any agreement with the government had he known he could do so, and therefore would not have had his appeal rights limited by the waiver of appeal provision in the Plea Agreement. (Cv. Doc. #1; Cr. Doc. #111, p. 4.) The magistrate judge found that while it was clear petitioner knew of and understood the waiver provision of the Plea Agreement, the issue was whether petitioner knew he could enter a guilty plea without a waiver provision (or any plea agreement). (Cv. Doc. #28, pp. 8, 9.) The magistrate judge found no evidence to refute petitioner's assertion that he would have pled guilty to both counts, and therefore found petitioner was prejudiced by the deficient performance of his attorney. (Id.) The magistrate judge recommended a finding that petitioner received ineffective assistance under the Strickland standard. (Id., p. 9.) Because of this ineffective assistance, the magistrate judge also found that petitioner's guilty plea was not knowingly and voluntarily entered. (Id., pp. 9-10.)

The government objects to the finding of prejudice because West was given a belated appeal as the result of his previous § 2255 motion. (Cv. Doc. #29, p. 10.) While this is correct, West has demonstrated prejudice because the Court of Appeals relied upon the appeal waiver provision of the Plea Agreement to decline to consider on appeal the issue of the reasonableness of the sentence. The Court therefore agrees that West has established prejudice resulting from his attorney's deficient performance.

The government suggests, without elaboration, that the Court's finding of prejudice be limited to the one issue for which an appeal was barred - the unreasonableness of the sentence. (Id., pp. 10-11.) It is correct that this is the only prejudice shown by West. This goes, in the Court's view, to the scope of the relief and not to petitioner's entitlement to some relief.

**(3) Remedy**

West received ineffective assistance of counsel because he was not informed of his ability to plead guilty to all counts of the indictment without a plea agreement, thereby preserving his right to appeal his conviction and sentence on any issue allowed by law. West's belated first appeal establishes the issues he sought to raise, and all were considered except the unreasonableness of the sentence. The remedy for this is to vacate the criminal judgment, reimpose the identical sentence, and allow a second belated appeal limited to the issue of the unreasonableness of the sentence.

Pursuant to McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002), the Court will dismiss without prejudice the remainder of petitioner's current § 2255 motion.

Accordingly, it is now

**ORDERED**:

1. The Government's Objections to the Report and Recommendation (Cv. Doc. #29) are **OVERRULED.**

2. The Report and Recommendation (Cv. Doc. #28) is **ACCEPTED AND ADOPTED** as set forth above.

3. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #118) is **GRANTED IN PART** to the extent the Court finds defendant received ineffective assistance of counsel when he was not informed of his option to plead guilty to all counts of the Indictment without a plea agreement and the issue of the unreasonableness of the sentence was subsequently barred from consideration on appeal by a waiver of appeal provision in the Plea Agreement. The remaining issues in Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #118) are **DISMISSED WITHOUT PREJUDICE.**

4. The Amended Judgment in a Criminal Case (Cr. Doc. #90) in Case No. 2:05-cr-124-FtM-29SPC is **VACATED.**

5.  Defendant Willie Collon West is re-sentenced to the same sentence as originally imposed in the Amended Judgment in a Criminal Case (Case No. 2:05-cr-124, Doc. #90), and the Clerk of the Court shall enter a Second Amended Judgment in a Criminal Case imposing the same terms as originally imposed.

6.  Attorney David Joffe is appointed in the criminal case to file the notice of appeal and represent petitioner in the direct appeal of his criminal conviction and sentence, which is limited to the issue of the unreasonableness of defendant's sentence.  The Clerk shall add Mr. Joffe as counsel of record in the criminal case and send him a copy of this Opinion and Order.

7.  The Clerk shall enter judgment as provided above in paragraph 3 in Case No. 2:11-cv-39-FTM-29SPC, file a certified copy of the civil judgment in the associated criminal file, and close the civil case file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); <u>Harbison v. Bell</u>, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances with regard to this Opinion and Order in the civil case.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of April, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Parties of Record
DCCD